In the Matter of the Application of AMERICAN WOMAN'S REALTY CORPORATION, INC., Petitioner, for an Order of Mandamus against THE NEW YORK EDISON COMPANY, Respondent.

Supreme Court, New York County, October 19, 1932.

*Knowlton Durham*, for the petitioner American Woman's Realty Corporation, Inc.

*William L. Ransom* and *Jacob H. Goetz*, for the respondent The New York Edison Company.

*Melvin L. Krulewitch, Assistant Counsel*, for the Public Service Commission of the State of New York.

McGOLDRICK, J. Petitioner asks for a peremptory order of mandamus to direct The New York Edison Company to furnish at petitioner's expense direct current (to be used only in case of emergency). The Public Service Commission has so directed. The Edison Company has offered alternating current service.

It is quite true that on this application the order of the Public Service Commission may not be reviewed. It is now up for review on certiorari. To grant peremptory mandamus the court must find that petitioner has a clear legal right, which is not here established. Mandamus is not a legal right; it is an equitable favor. The company attacks the order of the Commission as wholly unauthorized. Petitioner on the argument recognized the logical dilemma of this situation and asked for a peremptory mandamus for temporary service.

It is entitled to a full peremptory mandamus or nothing. I know of no such order as a quasi-peremptory mandamus.

The motion is denied with leave to renew when and if in the certiorari proceedings it is decided in the first instance that the order is justified.